IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

EUGENE CARL HATHAWAY                               PETITIONER

VERSUS                                CIVIL ACTION NO. 2:10-cv-182-KS-MTP

FEDERAL BUREAU OF PRISON
and CHRISTOPHER EPPS                               RESPONDENTS

## MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner, Eugene Carl Hathaway, a federal inmate housed at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on July 21, 2010.

## Background

Petitioner states that he is filing the instant habeas request pursuant to 28 U.S.C. § 2241 challenging his transfer from a federal facility to a state facility and his confinement in administrative segregation. According to the petition, Petitioner was transferred on August 25, 2009, from the Federal Bureau of Prisons to the Mississippi Department of Corrections. Upon arriving at the Mississippi Department of Corrections, Petitioner was placed in long term administrative segregation. Petitioner argues that after being housed in administrative segregation for six months without any disciplinary infractions he should have been released from segregation. Therefore, Petitioner is requesting a transfer from the Mississippi Department of Corrections and that he be released from his confinement in administrative segregation.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. <u>United States v. Cleto</u>, 956 F.2d 83, 84 (5th Cir.1992). However, habeas cannot be utilized when the attack is on the

conditions of confinement. "Simply stated, habeas is not available to review questions unrelated to the cause of detention." <u>Pierre v. United States</u>, 525 F.2d 933, 935 (5th Cir.1976). Because the allegations of the instant petition, if found to be true and petitioner received a favorable determination, would not "automatically entitle [the petitioner] to accelerated release" from incarceration, petitioner cannot maintain the instant petition for habeas relief, but must vindicate his rights relating to being transfered from a federal facility to a state facility and his continued housing in administrative segregation by filing a civil rights action. <u>See</u> <u>Carson v. Johnson</u>, 112 F.3d 818, 820-21 (5th Cir 1997) (<u>quoting</u> <u>Orellaana v. Kyle</u>, 65 F.3d 29, 31 (5th Cir. 1995) <u>cert. denied</u>, 516 U.S. 1059 (1996)). Further, the United States Court of Appeals for the Fifth Circuit addressing habeas petitions filed by federal inmates requesting injunctive relief regarding the conditions of their confinement has consistently stated that habeas review is not an available remedy in this situation. <u>See</u> <u>Rourke v. Thompson</u>, 11 F.3d 47, 49 (5th Cir.1993); <u>Hernadez v. Garrison</u>, 916 F.2d 291, 292-03 (5th Cir.1990). Therefore, the instant petition for habeas relief will be dismissed without prejudice.

## Conclusion

As stated above, Petitioner cannot proceed with this petition for habeas corpus relief on grounds which attack the conditions of his confinement. The remedy pursuant to a § 2241 writ of habeas corpus is not the proper forum to assert these allegations. Therefore, these claims will be dismissed without prejudice so that Petitioner may present same in a civil rights action.

SO ORDERED this the <u>1st</u> day of September, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE